UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO SANDOVAL,<br><br>             Plaintiff,<br><br>        v.<br><br>MORRISON FINANCIAL SERVICES LLC, et al.,<br><br>             Defendants. | 1:11-cv-00043 OWW SKO<br><br>ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION (DOC. 2) |

   This action concerns real property located at 9860 Douglas Avenue, in Delhi, California 95315.  Plaintiff, Antonio Sandoval, who appears *pro se*, filed a Complaint on January 11, 2011, alleging that non-judicial foreclosure proceedings have concluded in state court, resulting in the service of a notice of trustee's sale on Plaintiff on or around May 14, 2010.  *See* Doc. 1 at 1, 3.  It is alleged that "the notice of trustee's sale was not filed in good faith" because "the property has [] already [been] a part of a substitution of trustee and full reconveyance and notice of cease and desist..."  Doc. 1 at 1.

| | |
|---|---|
| 1 | The Complaint appears to contain only two substantive causes of action.  First, Plaintiff alleges a violation of 18 U.S.C. § 513(a), which makes it a crime to counterfeit securities.  Second, Plaintiff alleges that Defendants, Morrison Financial Services LLC, U.S. Bank Home Mortgage, and National Default Servicing Corporation, violated "Regulation Z of the Truth in Lending Act, pursuant to Title 5 U.S.C. section 1635(a) and Title 12 C.F.R. 226.23(d)(i)."  Doc. 1. |

The Complaint appears to contain only two substantive causes of action.  First, Plaintiff alleges a violation of 18 U.S.C. § 513(a), which makes it a crime to counterfeit securities.  Second, Plaintiff alleges that Defendants, Morrison Financial Services LLC, U.S. Bank Home Mortgage, and National Default Servicing Corporation, violated "Regulation Z of the Truth in Lending Act, pursuant to Title 5 U.S.C. section 1635(a) and Title 12 C.F.R. 226.23(d)(i)."  Doc. 1.

Plaintiff has also filed an "application for temporary restraining order and order to show cause re preliminary injunction," in an attempt to block the foreclosure process.  Doc. 2, filed Jan. 11, 2011. Plaintiff's application for injunctive relief relies entirely on a legal theory not set forth in his Complaint, namely that Defendants failed to comply with the procedural pre-requisites for pursuing non-judicial foreclosure set forth in California Civil Code § 2923.5. Among other things, Plaintiff argues that Defendants "never established proof that it was entitled to perform the non-judicial foreclosure."  Doc. 2 at 6.

To obtain temporary or permanent injunctive relief, a plaintiff must demonstrate likelihood of success on the merits of his substantive claims.  *See Winter v. NRDC*,

555 U.S. 7 (2008). As noted above, Plaintiff's Complaint appears to advance only two causes of action: (1) Title 18 U.S.C. § 513(a), and (2) Regulation Z. Plaintiff has no chance of success in this civil case on his claim that Defendants violated 18 U.S.C. § 513(a), which makes it a crime to counterfeit securities. Plaintiff suggests that the "negotiable instrument" in question, presumably a document related to his mortgage loan, qualifies as a counterfeited security. However, a civil litigant does not have standing to bring criminal charges against Defendants under any provision of Title 18. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). A court has an independent duty to ensure that a plaintiff has standing to bring each and every claim asserted. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). As Plaintiff does not have standing to bring a claim under Title 18, this claim must be dismissed.

Nor is Plaintiff likely to succeed on his Regulation Z claim. The basis for Plaintiff's Regulation Z claim is unclear. He alleges that Defendants failed to disclose "that the original loan was created by check book entry,

3

which may be sold in the open market (as a promissory note) for 80-90 cents on the dollar with no consideration to Plaintiff;" that "the loan was pre-paid and the Plaintiff would be converted into joint tenants for 30 years;" and that "all monthly payments of Federal Reserve Notes, tender for debt," which Plaintiff alleges is problematic because "Federal Reserve Notes are valueless."  Doc. 1 at 8.

There are two types of remedies available under TILA and Regulation Z: statutory damages and rescission.  15 U.S.C. §§ 1635(f), 1640(a).  Plaintiff's Complaint does not seek damages.  Even if it did, a claim for statutory damages does not support interference with the foreclosure proceedings.

In addition to damages, rescission is available under TILA and Regulation Z in some circumstances.  15 U.S.C. § 1635; 12 C.F.R. § 226.23.  The consumer's right to rescission is absolute only for a period of three days after the loan is consummated, 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3), unless the lender fails to provide "material disclosures" at the closing, in which case the period is extended to three years, 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3).  Regardless of any failure to disclose, "Plaintiff must allege (subject to Rule 11) an

4

**ability to tender in order to state a claim for rescission under TILA and Regulation Z."** *Garcia v. Wachovia Mortgage Corp.*, **676 F.Supp.2d 895, 904-05 (C.D.Cal.2009);** *see also Gonzalez v. HomeQ Servicing*, **2010 WL 289303, at \*3 (E.D. Cal. Jan. 15, 2010);** *Yamamoto v. Bank of N.Y.*, **329 F.3d 1167, 1171 (9th Cir. 2003) ("[R]escission should be conditioned on repayment of the amounts advanced by the lender.") (emphasis omitted). "The equitable goal of rescission under TILA is to restore the parties to the status quo ante."** *Am. Mortgage Network, Inc. v. Shelton*, **486 F.3d 815, 820 (4th Cir. 2007) (internal quotation omitted).**

**The Complaint does not allege that Plaintiff has tendered or has the ability to tender the principal balance of the loan. This is required. Absent such allegations, any TILA/Regulation Z claim for rescission is subject to dismissal. Plaintiff is not likely to succeed on the merits of his Regulation Z claim.**

## CONCLUSION

**Plaintiff's request for a temporary restraining order ("TRO") is DENIED WITHOUT PREJUDICE because Plaintiff is not likely to succeed on the merits of either claim articulated in his Complaint. His Title 18 claim is**

5

1  DISMISSED for lack of standing; his Regulation Z claim is
2  subject to dismissal for failure to allege that he has
3  the ability to tender the principal balance of the loan.
4  It is unnecessary to set a hearing on his motion for a
5  TRO.
6
7  SO ORDERED
8  January 12, 2011
9                                    /s/ Oliver W. Wanger
                                        Oliver W. Wanger
10                                   United States District Judge
11
12
...
28